# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ELMDALE DEVELOPMENT, LLC,

    Plaintiff,

    v.

CITY OF DES PLAINES,

    Defendant.

No. 05 C 1696
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This case arises out of the Defendant City of Des Plaines's application of an out-of-date ordinance, requiring Plaintiff Elmdale Development, LLC to deposit approximately $819,000 in escrow with the City. Plaintiff has filed a two-count Complaint against the City, alleging that (1) Plaintiff was unconstitutionally deprived of due process of law, in violation of 42 U.S.C. § 1983 and (2) the City improperly converted the escrowed money.

The City now moves to dismiss both counts of the complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to "test the sufficiency of the complaint, not to decide the merits" of the case. *Triad Assocs., Inc. v. Chicago Hous. Author.*, 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss, I must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993). A complaint should only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint

that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

With respect to count I, the City argues that Plaintiff cannot maintain a due process claim because Plaintiff is deemed to have knowledge of the existing law, or in this case the non-existing law, and because Plaintiff failed to exhaust its state remedies before filing this lawsuit. Under the voluntary-payment doctrine, a taxpayer may not recover taxes voluntarily paid, even if the taxing body improperly assessed the taxes absent statutory authorization.[1] *Geary v. Dominick's Finer Foods, Inc.,* 544 N.E.2d 344, 346 (Ill. 1989). A taxpayer may, however, recover involuntarily paid taxes. *Id.* Taxes are paid involuntarily when (1) the taxpayer lacked knowledge of the facts upon which to protest the taxes at the time they were paid or (2) the taxpayer paid the taxes under duress. *Id.* Plaintiff alleges that it relied on City officials who claimed the ordinance was valid and must be followed. Plaintiff further alleges that it feared being assessed the rather hefty $94,500 per day fine if it refused to make payment. Looking at these allegation in the light most favorable to the Plaintiff, it is possible that it might establish either lack of knowledge concerning the ordinance's validity or duress caused by the substantial financial penalties. Thus, under the liberal federal notice pleading rules, I find that Plaintiff have sufficiently pled its due process claim.

---

[1] The City elects to make its argument under the theory of contract law, claiming that those who enter into contracts are deemed to have knowledge of the existing law. While I do not disagree with this proposition, I find that it is inapplicable to this case. The contracts to which the City refers are not contracts between it and the Plaintiff but are instead contracts between the Plaintiff and potential condominium purchasers. To me, the relevant ordinance appears to be more like a tax on builders of condominiums. Thus, I agree with Plaintiff that this issue is best analyzed under the law associated with payment of taxes.

2

The City also argues that count I may not be maintained because Plaintiff failed to exhaust its state remedies before bringing this suit. In making its argument, the City relies on *Elmwood Prop., Inc. v. Conzelman,* 418 F.2d 1025 (7th Cir. 1969). In *Elmwood,* the Seventh Circuit held that persons seeking relief under § 1983 must first exhaust their state remedies when those remedies would eliminate any possible constitutional problem. *Id.* at 1027. That case, however, dealt with a very different situation than the one presented here. In *Elmwood,* the plaintiffs failed to either pursue available administrative remedies or to join in the existing state court litigation concerning the same issue. *Id.* In the instant case, the City does not allege that Plaintiff could have pursued an administrative remedy or that Plaintiff could have joined any existing state litigation; it claims only that Plaintiff could have brought a declaratory judgment action or sought an injunction in state court. Plaintiff, however, claims it did not learn that the ordinance was invalid until after it had made payment in full and, therefore, could not have pursued a declaratory judgment action or sought an injunction. I agree with Plaintiff. The right to proceed under the civil rights statutes does not always depend upon an exhaustion of available state remedies. *Screws v. United States*, 325 U.S. 91 (1945); *See also Sawmill Prod., Inc. v. Cicero,* 477 F. Supp 636 (N.D. Ill. 1979); *Marty's Adult World of New Britain, Inc. v. Guida,* 453 F. Supp. 810 (N.D. Ill. 1978); *Newborn v. Morrison,* 440 F. Supp. 623 (S.D. Ill. 1977).

With respect to count II, the City claims that it is shielded from a conversion claim by the Tort Immunity Act, which precludes relief against a municipality for acting under the apparent authority of an inapplicable enactment. 745 ILCS 10/2-203. The Tort Immunity Act states:

> If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for any injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid, and applicable. 745 ILCS 10/2-203.

Plaintiff argues that the Tort Immunity Act should not apply here because it has alleged that the City has acted in bad faith and with malice. *See Cruz v. Cicero,* 275 F.3d 579 (7th Cir. 2001); *Heimberger v. Chebanse,* 463 N.E.2d 1368 (Ill. App. 1984); *Sleepy Hollow v. Pulte Home Corp.,* 783 N.E.2d 1093 (Ill. App. 2003). In its Complaint, the Plaintiff alleges facts from which one could infer bad faith or malice and has also characterized the actions of the City as "illegal, unconscionable with a clear disregard of the legal rights of Elmdale." (Pl. Compl. at 6). Thus, I find that Plaintiff has sufficiently pled a claim for conversion against the City.

The City also argues that count II is improper because the Tort Immunity Act shields it from liability for statements made by its employees assuring Plaintiff that the statute was valid. *See Bloomingdale v. CDG Enterprises, Inc.,* 752 N.E.2d 1090 (Ill. 2001) (holding that the Village was immune from liability for denying a zoning petition after the Mayor allegedly provided his oral assurance that the petition would be granted). While I do not doubt that the City has properly stated the law, it doesn't directly address Plaintiff's claim. Plaintiff alleges actions taken by the City that went well beyond incorrect statements made by its employees and actually extended to the erroneous collection of $819,000.

The City's two remaining arguments also seem to miss the mark. The City's argument that it is immune from liability when it fails to enforce an existing law does not apply to a case like this where the City enforced a non-existing ordinance. Finally, the City's argument that it is

4

not liable for any alleged failure to approve Plaintiff's condominium project is not applicable because Plaintiff is not seeking liability on those grounds.

For the reasons stated herein, the City's Motion to Dismiss is DENIED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: August 15, 2005